(65 App. Div. 33.)

SCHIFF et al. v. LEIPZIGER BANK OF LEIPZIG, GERMANY.

(Supreme Court, Appellate Division, First Department.   November 8, 1901.)

ATTACHMENT—AFFIDAVIT—NOTARY PUBLIC—DE FACTO OFFICERS.

Under Laws 1894, c. 88, authorizing a notary appointed in Kings county, on filing in the clerk's office of New York county his autograph signature, with the clerk's certificate setting forth the fact of his appointment and qualification as a notary in Kings county, to act in New York county, where a notary appointed in Kings county attempts to qualify in New York county by filing his autograph signature with a certificate of the county clerk of Kings county which fails to set forth the fact of his appointment and qualification, a warrant of attachment will not be vacated on the ground that the affidavit was made before such notary in New York county, since he was at least a notary de facto, and the title to his office cannot be attacked collaterally.

Appeal from special term, New York county.

Action by Henry Schiff and another against the Leipziger Bank of Leipzig, Germany. From an order denying a motion by Morrison V. R. Weyant, a junior attaching creditor, to vacate the plaintiff's warrant of attachment, he appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

E. C. Hoyt, for appellant.
B. N. Cardozo, for respondents.

VAN BRUNT, P. J.   The motion in question was based upon two grounds:  First, that no sufficient cause of action in favor of the plaintiffs and against the defendant, for which a warrant of attachment could issue, was shown to exist by the papers whereon said attachment was granted; and, secondly, that the papers on which said warrant was granted were not sufficient, in that the notary before whom the affidavits were sworn was not qualified to take such affidavits, and was not a notary public qualified to act as such within the county of New York at the time when such affidavits were made, and that such supposed affidavits are without effect.

In the disposition of this appeal it is not necessary to consider at length the first ground upon which the motion was based, as it was not urged upon the argument of this appeal, and upon an examination of the papers it will be seen that those of the respondents establishing a cause of action are certainly as sufficient as those upon which the appellant procured his attachment.

The facts relating to the second objection seem to be as follows: The affidavit and complaint upon which the warrant of attachment was issued were sworn to in the county of New York on the 13th of July, 1901, before Harry N. Selvage, a notary public for the county of Kings, claiming the right to act in the county of New York because of a certificate filed in New York county pursuant to the provisions of chapter 88 of the Laws of 1894, which was an amendment of section 82 of chapter 683 of the Laws of 1892.   By this act a notary public appointed for either of the counties of Kings, Queens, Richmond, Westchester, Putnam, Suffolk, Rockland, Orange, Dutch-

ess, or New York, upon filing in the clerk's office in any of such counties his autograph signature and a certificate of the county clerk of the county for which he is appointed setting forth the fact of his appointment and qualification as such notary public, may exercise all the functions of his office in the county in which such autograph signature and certificate are filed, with the same effect in all respects as if the same were exercised in the county in which he resides and for which he was appointed. In 1901, by chapter 657, the legislature again amended chapter 683 of the Laws of 1892, by providing that a notary public appointed for any of the counties of the state upon filing in the clerk's office of any other county of the state his autograph signature, and a certificate of the county clerk of the county for which he was appointed setting forth the fact of his appointment and qualification as such notary public, might exercise all the functions of his office, etc. The notary public before whom the affidavits in question were sworn to resided in the county of Kings, and was duly appointed a notary public for that county. His commission was duly issued and duly filed with the clerk of Kings county, and he duly took the statutory oath in that county. On the 28th of March, 1900, said notary caused to be filed with the clerk of the county of New York his autograph signature and a copy of his original appointment to the office of notary public for the county of Kings, to which was attached a certificate of the clerk of that county, whereby he certified that the foregoing was a correct copy of the original appointment of Harry N. Selvage to the office of notary public for the county of Kings, on file in his office, and that he was well acquainted with the handwriting of said notary, and believed that the signature above written was genuine. It is objected that said Selvage had no authority to act as notary public in New York county, because the certificate of the clerk of Kings county did not set forth the fact of the qualification of Selvage as such notary public in Kings county. It is undoubtedly true that an affidavit must be taken within the jurisdiction of the notary, otherwise it is a nullity, and therefore the mere fact that he was a notary qualified to act in Kings county gave him no authority to exercise the duties of his office in the county of New York. But it appears that he was a person qualified to exercise the functions of a notary within the county of New York upon compliance with certain provisions of the statute; and it further appears that there was an attempted compliance with those provisions, and one which would have been sufficient, under the act of 1892, prior to its amendment in 1894, to entitle him to exercise the functions of his office within the county of New York. Under these circumstances, it is claimed upon the part of the respondent that he was a de facto officer, even if he was not entitled to perform the functions of the office de jure; and our attention is called to a numerous line of cases in which the acts of officers who were not de jure entitled to exercise the functions of their office are upheld upon the theory that third persons, from the nature of the case, cannot always investigate the right of one publicly assuming to exercise the functions of an office, and in such cases it has been held that they are entitled to treat him as such

officer, and if they employ him as such they should not be subjected to the danger of having his acts collaterally called in question. In opposition to this rule the appellant has called our attention to the case of Lambert v. People, 76 N. Y. 220, 32 Am. Rep. 293, which upon a cursory examination would seem to support his contention. In that case the plaintiff in error was indicted for perjury in verifying an affidavit. This affidavit purported to be sworn to before a notary public. The prosecution proved that the alleged notary had acted as such for some years, and produced a book from the county clerk's office containing a list of notaries and the time of their appointments, etc., among which appeared the name of the notary in question. The plaintiff in error offered to prove that the notary at the time of his alleged appointment and at the time of the verification was a resident of the state of New Jersey. This evidence was rejected, and the ruling was held to be erroneous. It was further held that it was necessary for the prosecution to prove that the oath was taken before a de jure or de facto officer, and that the evidence given for that purpose was at best but prima facie, and proof that the alleged notary was a nonresident, and so incapable of holding the office, was competent to rebut any presumption arising from such evidence. It will be observed that the decision of the court in the case cited was based entirely upon the fact that the notary was ineligible to the office because of his nonresidence. Recognizing the rule that the acts of an officer de facto are valid as respects the public and third persons, and that his title to the office cannot be assailed in a collateral proceeding, the court say:

"The rule cannot be invoked where an indictment is found for perjury, and the foundation of the charge rests entirely upon the competency or the jurisdiction of the officer or tribunal before which the oath is taken. This is one of the issues presented by the indictment in this case, and upon principle it would seem to be quite obvious that the accused party had a right to show that there was no such officer or tribunal in existence as is alleged in the indictment. Such a rule only operates in cases where a charge of perjury is preferred, while the acts of an officer de facto, acting under color of authority, even if he had been illegally appointed, under ordinary circumstances would not be affected or impaired."

The notary public in the case at bar was publicly exercising his authority. He had assumed to comply with the statute, and had filed in the clerk's office of the county of New York a certificate of the clerk of Kings county to the effect that his original appointment had been filed in his office, and that he was acquainted with the notary's signature, and that he believed that the signature preceding said certificate was his genuine signature. The notary in question was eligible, upon compliance with the statute, to perform the duties of the office in New York county. He was not, like the notary in the case of Lambert v. People, supra, incapacitated by his nonresidence from holding the office. But even in that case it is doubtful whether in a civil proceeding, under the rule laid down by the court of appeals, his acts as such notary could be attacked. It is difficult to see why the failure to file a certificate of qualification should any more invalidate the acts of this notary than the failure to file the oath of office required by the statute, and which by the statute is made

a condition precedent to the exercise of the duties of the office, should invalidate the acts of such officer. The cases are too numerous to mention, holding that the failure to file such an oath of office in no manner affects the validity of the acts of the officer when attacked collaterally. It certainly would be establishing a very harsh rule to require every person to investigate the title of every public officer who is publicly performing his duties as such, before reliance could be placed upon the binding effect of his acts.

The order should be affirmed, with $10 costs and disbursements. All concur.